UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMEER ALQADI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CV-0364-CVE-JFJ |
| ) | |
| PRINCEPREET SINGH, ) | |
| and FBT INC., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is defendants Princepreet Singh and FBT Inc.'s motion to partially dismiss plaintiff Ameer Alqadi's claims (Dkt. # 7). Plaintiff filed a response in opposition to defendants' motion for partial dismissal (Dkt. # 13), and defendants replied (Dkt. # 18). Plaintiff also filed an opposed motion for leave to amend his complaint (Dkt. # 12) to join an additional defendant and to amend his claims. Defendants filed a response (Dkt. # 16) and no reply was filed.

**I.**

On April 26, 2023, at around 12:55 p.m., Singh, an employee of FBT,[1] was driving a Freightliner tractor trailer in the right lane of eastbound I-44. Dkt. # 2-2, at 2. Plaintiff had also been driving eastbound on I-44, but shortly before 12:55 p.m., had to exit his vehicle due to a "disabling event." Id. As a result, plaintiff was standing on the median near mile marker 194 on the highway. Id. As Singh approached mile marker 194, he switched to the left lane to overtake a slower-moving semi-truck. Dkt. # 12, at 2. As Singh passed the semi-truck, he collided with a Ford Fusion operated by McKenzie Teel, which was stopped in the middle of the left lane of eastbound I-44, near mile

---

[1] Defendants do not contest that Singh was acting in the scope of his employment with FBT and that FBT is vicariously liable for negligence claims brought against Singh.

marker 194. Dkt. # 12, at 2. This collision propelled the Ford Fusion into plaintiff, and he suffered severe injuries, including a "concussion, broken nose, broken cheek bones, affected jaw alignment, lower back injury, three lost front teeth, two broken front teeth, injury to right arm, injury to left hip, deep gash to right knee, road rash, cuts, contusions, and bruises to entire body." Dkt. # 2-2, at 3.

On June 28, 2023, plaintiff filed a petition against defendants in the District Court of Creek County, Oklahoma, alleging two claims: negligent operation of a motor vehicle by Singh; and negligent hiring, training, and supervision by defendant FBT. Dkt. # 2-2. On August 23, 2023, defendants removed the case to this Court on the basis of diversity jurisdiction. Dkt. # 2. On August 30, 2023, defendants moved for partial dismissal of plaintiff's claims for negligence per se and for negligent hiring, training, and supervision. Dkt. # 2, 7. Defendants argue that plaintiff did not properly state a claim for the negligence per se, nor allege sufficient facts to support such a claim. Dkt. # 7, at 4-6. Defendants also argue that the negligent hiring, training, and supervision claim against FBT is futile if FBT is vicariously liable for Singh's negligence. Id.  On September 20, 2023, plaintiff filed a response in opposition to defendants' motion, acknowledging that his claim of negligence per se was ambiguous, but contending that the negligent hiring, training, and supervision claim is not futile because it is a separate direct negligence claim against FBT. Dkt. # 13, at 2-4. Defendants filed a reply on October 2, 2023. Dkt. # 18. Plaintiff filed an opposed motion to amend his complaint to clarify his claims for negligence per se and negligent hiring, training, and supervision, as well as to join McKenzie Teel as an additional defendant. Dkt. # 12. On September 27, 2023, defendants responded to the motion, arguing that plaintiff's request for leave to amend in order to join Teel is untimely and would destroy diversity. Dkt. # 16, at 3.

2

## II.

Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading a party may amend its pleadings only with the opposing party's written consent or the court's leave. Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). However, "leave shall be freely given when justice so requires." Id. (quoting Fed. R. Civ. P. 15(a)). Rule 15's purpose is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982). Leave to amend may be denied when parties can show "undue delay, undue prejudice by the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or the futility of the amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009). Denying leave to amend may also be considered if joinder of an additional party would destroy subject matter jurisdiction. Cook v. Fishman, No. 119CV00224, 2019 WL 13177901, at *1 (D.N.M. Dec. 19, 2019). "[A]lthough the Tenth Circuit has not considered what standard applies to a motion to amend to add a non-diverse party, the majority of federal courts have held that while such amendments are not absolutely prohibited, a request to amend to add a non-diverse party may be subject to greater scrutiny than an ordinary request to amend, and the court should consider whether the plaintiff was dilatory or moved to amend in bad faith." Lane v. BP P.L.C., No. 15-CV-524, 2020 WL 5423991, at *2 (N.D. Okla. Sept. 10, 2020).

Because this case was initially filed in state court and removed to federal court by defendants, the Court must also consider 28 U.S.C. § 1447(e), which provides "[i]f after removal [to federal court] the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

3

The Tenth Circuit in McPhail v. Deere & Co., 529 F.3d 947, 951-52 (10th Cir. 2008), expanded upon § 1447(e) and, in dicta, outlined a two-step analysis: (a) a court must first look to Fed. R. Civ. P. 19 to determine whether the additional party is indispensable to the disposition of the case, and (b) if the court finds the party is not indispensable to the case, the court should look to Fed. R. Civ. P. 20's discretionary factors to determine whether joinder should be permitted. Id.

After McPhail, however, confusion arose among districts courts in this circuit because the plain language of rule 19 does not apply to those parties governed by § 1447(e)–i.e., "a defendant to be added after removal who would destroy subject matter jurisdiction is *never* a required or indispensable party." Hernandez v. Chevron U.S.A. Inc., 347 F. Supp. 3d 921, 970 (D.N.M. 2018); Vandersluis v. Allstate Fire & Cas. Ins. Co., No. 19-CV-02593, 2019 WL 13201522, at *2 n.1 (D. Colo. Nov. 15, 2019) ("Other courts in this Circuit, however, have disavowed McPhail because it is at odds with the plain language of [r]ule 19 and § 1447(e) and have thus proceeded directly to whether [r]ule 20(a)(2)'s equitable factors permit joinder.") In 2018, a district judge in New Mexico undertook an exhaustive analysis of McPhail and law from other circuits and concluded–in alignment with the Fourth and Seventh Circuits–that "a district court [need not] consider whether a party is required or indispensable before granting or denying joinder under § 1447(e)." Hernandez, 347 F. Supp. 3d at 971. Instead, district courts may directly consider rule 20's equitable factors, which include "whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed[,] and whether the amendment was offered in good faith." Id. at 969 (quoting McPhail, 529 F.3d at 952). The Court adopts the reasoning of Hernandez, and turns to these factors to determine whether plaintiff's motion for leave to amend his complaint to join Teel should be granted.

4

Defendants argue that "plaintiff's motion is an attempt to destroy diversity jurisdiction and divest this Court of subject matter jurisdiction." Dkt. # 16, at 4. They contend that, because plaintiff knew of Teel's involvement since the collision but failed to include her in the original petition, the motion to amend should be denied. Dkt. # 16, at 3-4. Defendants argue that requesting this leave to amend now is untimely, and "untimeliness alone may be a sufficient basis for denial of leave to amend" therefore "prejudice to the opposing party need not also be shown." Id. (cleaned up). Plaintiff counters that there is no undue delay since the Court has not yet entered a scheduling order. Dkt. # 12, at 4. Plaintiff further argues that loss of a federal forum without more is insufficient to show defendants face undue prejudice, and that denying leave of court will force plaintiff to file a separate action against Teel in state court. Id. Plaintiff contends that he desires to "prosecute one action against all of the responsible parties and avoid the risk of an empty-chair verdict." Id. at 4-5.

Under rule 15, "delay alone is an insufficient ground to deny leave to amend." Minter, 451 F.3d at 1204. "Emphasis is on the adjective [undue]." Id. Here, defendants assert that plaintiff seeks to add Teel ninety-one days after filing the initial petition, rendering the motion to amend untimely. Both plaintiff and defendants rely on this Court's prior decision in Hampton v. SnapCall Invs., Inc., No. 20-CV-0472-CVE-CDL, 2021 WL 839159, at *2 (N.D. Okla. Mar. 5, 2021). There, this Court noted that "denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay . . .and [the] party seeking an amendment knows or should have known the facts upon which the proposed amendment is based." Hampton, 2021 WL 839159, at *2. There, this Court granted the motion to amend because the defendant faced no undue prejudice nor undue delay. Id. at *3. Plaintiff contends that the factors in Hampton support plaintiff's request for leave to amend, namely that the time to amend set by the Court had not yet passed. Dkt. # 12, at 3.

5

Defendants argue that the party in Hampton sought to amend the complaint based on information learned after the initial petition was filed, and this case is distinguishable because plaintiff was aware of Teel's involvement in the collision at the time he filed the petition. Dkt. # 16, at 3-4.

Defendants' arguments are unconvincing. If plaintiff had wanted to avoid litigating this action in federal court, he would have added Teel to the initial petition in state court to prevent removal.[2] Defendants can point to no other evidence besides the motion for leave to amend itself that indicates plaintiff has a dilatory motive in seeking to join an additional party. As to the alleged delay, Hampton reinforced that "there is no undue delay where plaintiff's motion to amend was within the court-scheduled deadline." Hampton, 2021 WL 839159, at *3. Plaintiff has not engaged in undue delay in bringing this motion less than a month after the case was removed to federal court. More importantly, this Court has not yet issued a scheduling order; therefore, no undue delay will result if plaintiff is granted leave to amend. Defendants can articulate no other "delay" that could overwhelm the liberal standard of Fed. R. Civ. P. 15 or Fed. R. Civ. P. 20.

Other than arguing that plaintiff has been aware of Teel's involvement prior to filing his initial petition, defendants have not alleged any undue prejudice they will face if this Court grants leave for plaintiff to amend his complaint. Hampton, 2021 WL 839159, at *3 ("Loss of a federal forum, without more, is not sufficient to show undue prejudice to defendant.") "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." Minter, 451 F.3d at 1208 (internal quotations omitted). This most often occurs when the amended claims "raise significant new factual issues." Id. Here, Teel's

---

[2] Remand motions are often based on fraudulent joinder of a non-diverse defendant to prevent removal.

6

involvement in the accident, as well as the additional negligence claims, raise no new factual issues–especially since discovery has not yet commenced. In fact, joining Teel as a defendant may very well enhance efficiency, "promote trial convenience and expedite the final determination of disputes." Hernandez, 347 F. Supp.3d at 963.

Because plaintiff's motion to amend his complaint is timely, offered in good faith, and results in no undue prejudice to the defendants, the Court finds that the resulting joinder will be proper. The Court grants plaintiff leave to amend his complaint to join McKenzie Teel and to clarify his claims of negligence per se and negligent hiring, training, and supervision, if he can state such claims. Because granting plaintiff's motion for leave to amend his complaint to join a non-diverse party will divest this Court of subject matter jurisdiction, the Court notes that it will remand the case to state court once plaintiff files his amended complaint. McPhail, 529 F.3d at 951 ("To be sure, if a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court.") Defendants' motion to partially dismiss plaintiff's claims of negligence per se and negligent hiring, training, and supervision will be moot upon the filing of the amended complaint.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to file an amended complaint (Dkt. # 12) is **granted**. The plaintiff is directed to file the amended complaint no later than **close of business on Tuesday, October 10, 2023**.

**DATED** this 5th day of October, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE